## UNITED STATES *v.* CENTRAL PACIFIC RAILROAD COMPANY.

### APPEAL FROM THE COURT OF CLAIMS.

No. 758. Argued November 21, 22, 1890. — Decided January 26, 1891.

Since the passage of the act of May 7, 1878, 20 Stat. 58, c. 96, § 1, the sums expended by the Central Pacific Railroad for betterments and improvements on its road, its buildings and equipments, whereby the capital of the Company invested in its works is increased in permanent value, are not to be regarded as part of its current expenses to be deducted from its gross receipts in reaching and determining the amount of the net earnings upon which a percentage is to be paid to the United States.

The case of *Union Pacific Railroad Co.* v. *United States*, 99 U. S. 402, distinguished from this case.

THE case is stated in the opinion.

*Mr. Attorney General* for the United States.

*Mr. Joseph E. McDonald* and *Mr. Joseph K. McCammon* for the Central Pacific Railway Company.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This is an appeal from the Court of Claims. The claimant, the Central Pacific Railroad Company, filed a petition October 31, 1887, to recover from the United States the sum of $804,094.31, alleged to be due for services rendered to the War,

Post Office, and other departments, and the sum of $321,-157.72, alleged to have been exacted by the Treasury Department, and paid by the claimant, in excess of the amount actually due from the claimant to the government for the 25 per cent net earnings required to be paid by the fourth section of the act known as the Thurman act, passed May 7, 1878. The Court of Claims rendered a decree in favor of the claimant for the first of the above-mentioned sums, and for a portion of the second claim, amounting to $198,422.83, the other part of the sum demanded having been barred by the statute of limitations. Both parties' appealed from the decree, but the claimants have dismissed their appeal and the government has consented that the decree shall be affirmed as to the said sum of $804,094.31 due to the claimants for services rendered to the departments, so that the only matter of controversy remaining on the record is the decree for the said sum of $198,422.83 the alleged amount of over-payments exacted for 25 per cent of net earnings during the years 1881, 1882, 1883 and 1884. The ground of appeal on the part of the government as to this sum is that in arriving at the net earnings of the railroad company for the years before mentioned, the company claimed and the court allowed certain expenses which, as contended by the government, were not for current expenses and repairs, but were for betterments and improvements on the road, its buildings and equipments, whereby the capital of the company invested in its works was increased in permanent value. These expenses, the government contends, ought not to have been allowed under the provisions of the Thurman act. They are of the same class, as appears by a supplemental return made by the Court of Claims, which were allowed by this court as fairly chargeable under the head of expenses under the act of 1862, in the case of *Union Pacific Railroad Co.* v. *United States*, 99 U. S. 402. But the accounts in question in that case arose before the Thurman act was passed, and the phraselogy of this act was probably adopted in view of the construction of the act of 1862 claimed by the railroad companies in that case. As the law stood prior to 1878, under which 5 per cent of the net earnings of the companies was to

be paid into the Treasury towards the liquidation of the bonds loaned to them by the government, we held that in arriving at such net earnings it was admissible for the companies to charge, as they had done, a reasonable amount for betterments and improvements, rendered necessary by the gradual increase of traffic, the better discharge of business, and the public accommodation; not including, however, the cost of any important improvement, such as additional track, or any other matter involving a large outlay of money. This view was based upon the practice and usage of conservative and well managed railroad companies, which tended to the suppression of extravagant dividends that might be the result of a showing of large net earnings. But Congress, in the Thurman act, *ex industria* used language with regard to the character of the expenses to be allowed in ascertaining the amount of net earnings, which seems to preclude any charges for improvements or betterments, or increase of permanent value of the works in any manner whatever. The language referred to is as follows: "That the net earnings mentioned in said act of eighteen hundred and sixty-two, of said railroad companies respectively, shall be ascertained by deducting from the gross amount of their earnings respectively the necessary expenses actually paid within the year in operating the same and keeping the same in a state of repair, and also the sum paid by them respectively within the year in discharge of interest on their first mortgage bonds, whose lien has priority over the lien of the United States, and excluding from consideration all sums owing or paid by said companies respectively for interest upon any other portion of their indebtedness; and the foregoing provision shall be deemed and taken as an amendment of said act of eighteen hundred and sixty-four, as well as of said act of eighteen hundred and sixty-two." 20 Stat. c. 96, § 1, p. 58.

Considering the time and the circumstances under which this act was passed, and the express declaration that the clause in question was to be deemed and taken as an amendment of the acts of 1864 and 1862, we think its meaning cannot be mistaken as intending to exclude from the category of expenses to be taken from gross receipts in order to ascertain the

"net earnings," all such expenditures as have the effect of permanently improving the value of the company's property and works; and, taken prospectively, it is to be regarded as valid under the decision in *The Sinking Fund Cases*, 99 U. S. 700. As the expenses in question are of the category referred to, and the allowance of them by the Court of Claims reduced the 25 per cent of net earnings by the said amount of $198,- 422.83, it follows that the judgment, as to that sum, must be reversed, and be affirmed as to the said sum of $804,094.31; and the cause

> *Remanded with instructions to enter judgment in conformity with this opinion.*